Merchants National Bank of Worcester vs. Jonathan Andrews } No.64622

April 16, 1926

BLODGETT, J. Heard jury trial waived.

Action brought under Sec. 6 of Chapter 351, General Laws, 1923.

Plaintiff held a mortgage to secure a note of Thomas F. McGovern upon certain personal property of said McGovern, said note being for $50,000, and dated September 23, 1924. Among the chattels covered by said mortgage was a steam shovel used by McGovern in Scituate in the course of a contract being carried out upon the water work construction for the city of Providence. This shovel was attached in a suit against McGovern by Ricci and Ricci, April 13, 1925, an order in said action was entered by the Superior Court for the sale of said shovel and the same was sold under said order April 15, 1925, for $875, and the proceeds of said sale deposited in the registry of this court. The proceeds of said sale were demanded by the plaintiff, the mortgagee named in said mortgage, in the present action by reason of said mortgage.

Defendant does not deny that the steam shovel in question was covered by said mortgage, but claims that plaintiff, after the execution of said mortgage, received under orders of said McGovern large sums of money from the city of Providence more than sufficient to satisfy the said mortgage note.

It is not denied by plaintiff that since the execution of said mortgage it has received more than the amount of said mortgage note, but that said McGovern was indebted to it in large amounts in excess of said note for $50,000, that it still is the holder of said note and the same is unpaid and that more than $875 is due on same; that the amounts collected have been applied by the plaintiff to other indebtedness of said McGovern.

The fund in question is subject to any order of this court and deposited in the registry of the court by reason of claims made by plaintiff and by Ricci and Ricci, attaching creditors. That the amount has passed from the hands of the sheriff into the registry of the court does not seem to the Court to make any change in the effect of the statute upon the fund.

It is evident that the mortgage has not been satisfied unless it be shown that the same has been satisfied by operation of law. The court does not see how a matter of possible litigation between creditors of McGovern can be determined in the present action.

The plaintiff may have decision for $875.

For Plaintiff: Edwards & Angell.

For Defendant: William A. Gunning.